■ CLIFFORD CHANCE LIMITED LIABILITY PARTNERSHIP et al., Appellants, v INDIAN HARBOR INSURANCE COMPANY, Respondent. [838 NYS2d 62]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered December 29, 2006, which denied plaintiffs' motion for summary judgment, unanimously affirmed, with costs.

In light of the clear allocation provision in the policy, which had the effect of a partial exclusion (*cf. Owens Corning v National Union Fire Ins. Co. of Pittsburgh, PA*, 257 F3d 484, 492-493 [6th Cir 2001]), and despite the joint and several liability of the insured and uninsured defendants in the underlying litigation, the insurer is only required to pay a portion of its insured's claim for reimbursement of the settlement amount based on a determination of the insured's and the uninsured's relative exposures in the litigation and the benefits received from the settlement (*see PepsiCo, Inc. v Continental Cas. Co.*, 640 F Supp 656, 661-662 [SD NY 1986]). *Level 3 Communications, Inc. v Federal Ins. Co.* (1999 WL 675295, 1999 US Dist LEXIS 13338 [ND Ill 1999]), which involved a more limited allocation provision, does not require otherwise. We have considered plaintiffs' other contentions and find them unavailing. Concur—Andrias, J.P., Saxe, Friedman, Nardelli and Malone, JJ.